IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

TIMMY TERRELL HARRIS, :
:
        Plaintiff :
:
VS. :
:
Nurse SHIRLEY LEWIS, Lt. CREWS, : NO. 7:06-CV-124 (HL)
and Sgt. SWAIN, :
:
        Defendants : **ORDER TO SUPPLEMENT**

Plaintiff **TIMMY TERRELL HARRIS**, a pretrial detainee at the Lowndes County Jail ("LCJ") in Valdosta, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983, and he seeks leave to proceed *in forma pauperis* (Tab # 1).

Under the "three strikes" provision of the Prison Litigation Reform Act ("PLRA"), a prisoner is generally precluded from proceeding *in forma pauperis* if at least three prior-prison generated lawsuits or appeals by the prisoner were dismissed as frivolous, malicious or failing to state a claim upon which relief may be granted (dismissal without prejudice for failure to exhaust administrative remedies and dismissal for abuse of judicial process are also properly counted as strikes). 28 U.S.C. §1915(g); Fed.R.Civ.P. 12(b)(6); **see Rivera v. Allin***,* 144 F.3d 719 (11th Cir. 1998). Section 1915(g) provides an exception to the three strike rule, under which an inmate may proceed *in forma pauperis* if he alleges he is in "imminent danger of serious injury."

The Eleventh Circuit has concluded that section 1915(g) does not violate an inmate's right to access to the courts, the doctrine of separation of powers, an inmate's right to due process of law,

or an inmate's right to equal protection. Accordingly, the Eleventh Circuit upheld the constitutionality of section 1915(g). *Rivera*, 144 F.3d at 721-27.

A review of court records on the U.S. District Web PACER Docket Report reveals that plaintiff has exceeded the "strikes" allowed by the PLRA to a prisoner attempting to proceed *in forma pauperis* in a federal civil lawsuit. **See Harris v. Alpha Lumber and Supply Co.**, 2:01-CV-197-WHA (M.D. Ala. 2001); **Harris v. Shultz**, 2:01-CV-409-WHA (M.D. Ala. 2001); **Harris v. Garner**, 1:06-CV-11-MEF (M.D. Ala. 2006); and **Harris v. Adams**, 1:06-CV-329-WHA (M.D. Ala. 2006). As such, plaintiff cannot proceed *in forma pauperis* in the instant case unless he can show that he qualifies for the "imminent danger of serious physical injury" exception of section 1915(g).

Plaintiff attempts to bring himself with the above exception by complaining that, *inter alia*, he has been assigned to a top bunk even though he suffers from a knee injury that requires surgery. As a result of apparently having to jump off the bunk, plaintiff alleges that his left knee is hurting to the point where he believes that he may be forced to use a wheelchair someday. It is unclear whether plaintiff has been moved to a lower bunk. Plaintiff also appears to allege that he has been denied inadequate medical treatment for his knee.

After reviewing plaintiff's complaint, the Court finds that it must defer ruling on plaintiff's IFP motion until plaintiff provides more information to enable the Court to determine whether plaintiff meets the "imminent danger of serious physical injury" exception. Accordingly, plaintiff is instructed to supplement his complaint by explaining:

(1) The specific nature of his knee problems;

(2) The specific treatment plaintiff received for his knee problems, when plaintiff received such treatment, and why such treatment was inadequate;

(3) The specific treatment plaintiff currently needs for his knee that he has not received;

(4) The specific dates plaintiff was forced to sleep on the top bunk, and if plaintiff was moved to a lower bunk, the exact date of such move; and

(5) Why plaintiff could not use the ladder or otherwise climb (rather than jump) from the top bunk.

Plaintiff is further instructed to supplement his complaint to explain how each of the above named defendants is involved in his claim or claims.

Plaintiff is hereby given **twenty (20) days** from receipt of this order to submit a supplemental complaint. If plaintiff fails to respond to this order in a timely manner, this action shall be dismissed. There shall be no service of process until further order of the Court.

**SO ORDERED**, this 19th day of December, 2006.

*/s/ Richard L. Hodge*
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE