IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

TIMMY TERRELL HARRIS, :
:
    Plaintiff :
:
:
VS. : 7 : 06-CV-124 (HL)
:
SHIRLEY LEWIS, Lt. CREWS, and :
Sgt. SWAIN, :
:
:
    Defendants. :

**RECOMMENDATION**

    Presently pending in this § 1983 action are Motions to Dismiss filed on behalf of the defendants herein. In a motion filed on behalf of Shirley Lewis, the defendant argues that the plaintiff has failed to diligently prosecute this action. The undersigned notified the plaintiff of the filing of the motions to dismiss on April 26, 2007. As of October 10, 2007, the plaintiff has failed to respond to the defendants' motions and/or the court's directives. The court notes that the plaintiff's service copy of the October 10, 2007, order was returned as undeliverable with the notation "out".

    Defendant Lewis maintains that service copies of certain documents mailed to the plaintiff have been returned as undeliverable, and that the plaintiff has failed to notify defense counsel or the court of his address changes. Defendants Crews and Swain have reiterated Lewis' arguments in filing their motion to dismiss.

    Under Rule 41(b) of the Federal Rules of Civil Procedure, a case may be dismissed upon a determination of a "clear record of delay or willful contempt and a finding that lesser sanctions

would not suffice." Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985). Litigants proceeding *pro se* are not exempted from this requirement of diligent prosecution. Moon v. Newsome, 863 F.2d 835 (11th Cir. 1989). The court's inherent power to dismiss cases in which the plaintiff has failed to diligently prosecute his action "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." Link v. Wabash R.R., 370 U.S. 626, 630 (1962).

A review of this entire action reveals a clear record of delay or willful contempt on the part of the plaintiff. The plaintiff has clearly failed to keep the court advised as to his current address and has had no communication with the court since filing a supplemental complaint in December 2006. Additionally, in the court's April 26, 2007, notice of the defendants' motion, the court specifically notes that "if plaintiff fails to oppose said motion, his complaint may be dismissed as to those defendants. . . . FAILURE OF THE PLAINTIFF HEREIN TO RESPOND TO THE MOTION TO DISMISS MAY RESULT IN THE GRANTING OF THE MOTION." (emphasis in original). Inasmuch as the plaintiff has failed to respond to the court's directives and has otherwise failed to respond to the merits of the defendants' motions to dismiss, it is the recommendation of the undersigned that the defendants' motions be **GRANTED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable Hugh Lawson, Chief United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 15th day of October, 2007.

/s/ ***Richard L. Hodge***
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE

asb